**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2846-16T2

JOANNA HENDRICKS,

    Plaintiff-Respondent/
Cross-Appellant,

v.

JAY HENDRICKS,

    Defendant-Appellant/
Cross-Respondent.

_____

Submitted January 22, 2019 – Decided January 31, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FM-05-0250-12.

Scott E. Becker, attorney for appellant/cross-respondent.

Jeffery A. April, attorney for respondent/cross-appellant.

PER CURIAM

In this post-judgment matrimonial matter, defendant appeals from the Family Part's February 1, 2017 order that required defendant to pay plaintiff $3000 of his $15,000 share of the proceeds from the sale of a former marital property as a sanction for his violations of prior orders of the court. Plaintiff also challenges the court's decision to partially grant plaintiff's request for counsel fees by ordering him to pay plaintiff $3087.50 in fees. Plaintiff has filed a cross-appeal, and argues that the court should have imposed a $15,000 sanction upon defendant for his prior non-compliance with court orders; disregarded plaintiff's realtor's opinion as to the value of the former marital property; and required defendant to pay additional counsel fees and costs.

Judge James H. Pickering considered these arguments, and rendered a comprehensive written decision that fully detailed his findings of facts and conclusions of law. Based on our review of the record and the applicable law, we affirm substantially for the reasons expressed by Judge Pickering. We add the following brief comments.

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings

undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), "we 'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412). We will reverse the judge's decision "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' . . . to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

Applying these principles, defendant's arguments concerning the February 1, 2017 order reveal nothing "so wide of the mark" that we could reasonably conclude that a clear mistake was made by the judge. The record amply supports

Judge Pickering's factual findings and, in light of those findings, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2846-16T2